## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHESTERTON CAPITAL LLC, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>LEGACY POINT CAPITAL LLC, )<br>BYRON L. HOLLEY and JOHN C. )<br>LOUDON, )<br>      Defendants. )<br> ) | Civil Action No. 1:16-CV-10848-LTS |

## JOINT STATUS REPORT

Pursuant to this Court's request at the status conference held on May 8, 2017, Plaintiff, Chesterton Capital LLC, Defendants Legacy Point Capital LLC, Byron Holley and John C. Loudon (the "Legacy Point Defendants") and Anne Brensley  submit this Joint Status Report as follows:

1.       The depositions of each of the Legacy Point Defendants and Ms. Brensley have now been taken.

2.       The Legacy Point Defendants do not intend to take any further discovery.  Neither does Ms. Brensley.

3.       Chesterton still has discovery that it wishes to complete.  The discovery is detailed below:

(a)       During the course of Mr. Holley's deposition, counsel for Chesterton confirmed that the emails that were produced in the state litigation as both Loudon/Holley documents were actually only printed from Mr. Loudon's computer.  While it is Mr. Holley's contention that his emails are duplicates, no emails from Mr. Holley's computer have actually been produced.  Mr. Holley testified that he still has the Toshiba laptop computer that he was using in 2012.  Chesterton's counsel

made a demand for the production of the Toshiba and Holley's counsel agreed to produce it.  <u>See</u> Transcript excerpts dated May 10, 2017, attached hereto as Exhibit A.  To date, nearly a month later, no such production has been made.

(b)     During his deposition, Mr. Holley claimed that he used his IRA account at Wells Fargo as the vehicle to have funds placed and then removed from his account. <u>See</u> Transcript excerpts dated May 10, 2017, attached hereto as Exhibit B.  His testimony was that he called someone at Wells Fargo (whom he knew but now couldn't recall the person's name) and asked them as a favor to deposit securities and cash into his account.  Mr. Holley claimed that the funds were only there for a quarter to half a day at most and that the transaction was reversed as if the funds had been deposited by mistake so that there is no record of the funds actually being deposited into his account.  <u>See</u> Exhibit B.

(c)     Chesterton requests permission to take a 30(b)(6) video deposition of Wells Fargo for use at trial since Chesterton believes that, under the securities law, the transaction cannot happen as described, especially given the supposed transfer of three million dollars.  In addition, Chesterton, through enhancement procedures, has been able to ascertain some of the numbers on the Wells Fargo account statement that were redacted, and those numbers do not match Mr. Holley's IRA account.  Chesterton accordingly wishes to ascertain whether Wells Fargo had an account with matching funds at the time, whether the necessary documents were signed to initiate a transfer, or how access could have been obtained.

(d)     Chesterton has also obtained documents from JJB Hilliard WL Lyons LLC which contain the transmission of the guarantee as signed by Mr. Holley on October 11, 2015.  That guarantee is the same one that Chesterton asserts is the final guarantee and shows that there was no switching of pages as claimed by Mr. Holley after he signed the guarantee.  Unless the Legacy Point Defendants will admit the authenticity of the documents for purposes of admission in this case, Chesterton will need to take the video deposition of JJB Hilliard WL Lyons LLC.

(e)     Chesterton previously served Keeper of Records subpoenas for documents on several third parties that may have been involved in discussions with the Legacy Point Defendants concerning financing of the film project, including Focus Features LLC ("Focus Features").  Focus Features has refused to produce any documents absent the issuance of a protective order.  Chesterton is continuing its discussions with Focus Features and needs additional time to either reach a mutually agreeable resolution for Focus Feature's production of the documents or to file a motion to compel.

4.     Ms. Brensley was deposed on June 1, 2017.  Accordingly, any experts should be designated by June 15, 2017 under the extension previously granted by the Court.  The only expert Chesterton presently intends to offer would be to show that it is impossible under Wells

ME1 24988970v.1

Fargo's rules and regulations, implementing the securities laws, for the securities to be transferred and posted to Mr. Holley's account as he described.  Because Chesterton believes that it should be able to obtain such testimony directly from Wells Fargo without the need for a separate expert, Chesterton would request that the Court enlarge the time for designating experts, now currently scheduled for June 15, 2017, until 14 days after the completion of Wells Fargo's 30(b)(6) deposition.

5.      Chesterton has raised with counsel for the Legacy Point Defendants a trial in October as Chesterton believes that justice delayed is justice denied. Mr. Loudon and Legacy Point Capital request January as a trial date.  Mr. Holley's counsel is available in either October or January.  Ms. Brensley preference is to do it as early as possible.

CHESTERTON CAPITAL LLC
By Its Attorneys,


/s/ William A. Zucker
William A. Zucker, Esq., BBO # 541240
Amy B. Hackett, BBO# 676345
McCarter & English LLP
265 Franklin Street
Boston, MA  02110
617-449-6500
617-607-9200 (fax)
wzucker@mccarter.com
ahackett@mccarter.com

ME1 24988970v.1

BYRON HOLLEY
By his Attorney,

JOHN C. LOUDON
LEGACY POINT CAPITAL, LLC
By their Attorney,

/s/ John N. Lewis
John N. Lewis, Esq., BBO #298520
John N. Lewis & Associates
42 Spring St., Suite 5
Watertown, MA  02472-3444
617-393-3450
Jlewis4284@aol.com

/s/ Joseph Perl
Joseph Perl, Esq., BBO #680509
203 Arlington Street, Suite 2
Watertown, MA  02472
781-704-7047
perl@perlattorney.com

/s/ Anne Brensley
Anne Brensley
28 Barney Hill Rd
Wayland, MA 01778

June 7, 2017

ME1 24988970v.1