UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHESTERTON CAPITAL, LLC, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BYRON HOLLEY, JOHN LOUDON, | ) | |
| and LEGACY POINT CAPITAL LLC, | ) | Civil Action |
|     Defendants | ) | No. 1:16-cv-10848-LTS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ANNE BRENSLEY, | ) | |
|     Third Party Defendant | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT BYRON HOLLEY'S OPPOSITION TO
PLAINTIFF'S RENEWED MOTION FOR SANCTIONS**

*Background*

The defendant Byron L. Holley incorporates by reference the corresponding section of his memorandum in support his opposition to the plaintiff's motion for sanctions.

*Legal Standard*

As presented by Judge Posner in Angiodynamics, Inc. v. Biolitec , AG, 991 F.Supp.2 283, 290, 87 Fed.R.Serv.3d 803 (DCMA, 2014):

> Fed.R.Civ.P. 37(d)(1)(A) provides that a court may order sanctions where "a party or party's officer, director, or managing agent ... fails, after being served with proper notice, to appear for that person's deposition." A party is not excused from appearing "on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order." Rule 37(d)(2). Sanctions for failing to comply with this rule may include entry of a default judgment against the violating party. Rule 37(b)(2)(A)(i-vi) & (d)(3). This sanction "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a

deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

The First Circuit has enumerated a number of factors to be weighed to determine whether the twin goals, punishment and deterrence, justify a particular sanction in a specific factual context. Vallejo v. Santini–Padilla, 607 F.3d 1, 8 (1st Cir.2010). These factors help distinguish good faith attempts to comply with discovery obligations from deliberate, bad faith refusals to do so. See Benitez–Garcia v. Gonzalez–Vega, 468 F.3d 1, 5 (1st Cir.2006). The factors serve as a guide and need not be applied mechanically. Id.

The Court of Appeals has directed trial judges to consider: (1) the severity of the violation; (2) the legitimacy of the party's excuse for failing to comply; (3) whether the violations have been repeated; (4) the deliberateness of the misconduct; (5) any mitigating excuses; (6) prejudice to the other side and to the operations of the court; and (7) the adequacy of lesser sanctions. Vallejo, 607 F.3d at 8. Procedurally, the court should consider (1) whether the offending party was given sufficient notice, and (2) whether the offending party has been given an opportunity to explain its noncompliance or argue for a lesser penalty. Id.

*Discussion*

The plaintiff has renewed its motion for sanctions by alleging that Holley testified inconsistently at his deposition or has otherwise refused to provide information without excuse. Respectfully, inconsistent testimony may be used for impeachment,[1] not sanctions and Holley cannot produce information and documents which either do not exist, as has been confirmed independently by Wells Fargo Advisors in its response to Chesterton's subpoena, or what he cannot recall after five years. Despite the ongoing diatribe and efforts by Chesterton's counsel to win by default, literally, Holley has provided the information and documents available to him. Respectfully, as someone metaphorically observed, why do people insist on riding the only dead horse in the coral.

---

[1]Pursuant to the Federal Rules of Evidence, a witness's credibility may be impeached by asking him about prior inconsistent statements. Fed.R.Evid. 613(a); United States v. Hudson, 970 F.2d 948, 953–54 (1st Cir.1992); U.S. v. Meserve, 271 F.3d 314, 320, 58 Fed. R. Evid. Serv. 838

There is no dispute that Holley provided *Anne Brensley,* his then co-venturer in securing financing for production of the Get It While You Can film, with an *informal* snapshot of his then finances, including a statement from Wells Fargo Advisors showing over $3 million in an account in his name (the "WFA statement").  However, in the course of emails between Holley, Loudon and Brensley on the one hand and between Brensely, Chesterton and its attorney William Moriarty on the other, there is nothing on the record that Chesterton, its principal John Walsh or Moriarty requested the financial information, made any effort to confirm it before accepting Holley's and Loudon's personal guarantees or advancing $1.2 million to GIWYC's producers, or required or relied on the financial information, other than *ex post facto* in this litigation.  The alleged relevance and materiality of the WFA statement to Walsh only materialized in this litigation.  That in the intervening years Holley did not retain or recall the information and WFA did not retain it does not warrant sanctions.

The WFA statement has the account number redacted.  Holley has testified that it was printed from a computer and he did not retain the original.  Chesterton's argument, that Holley could have and should have done more to find it, has no factual basis.  Neither Holley nor WFA has that information.  Both have so stated.  Holley under oath and WFA in response to a subpoena.  At his deposition, Holley believed that the account was actually his IRA.  Holley's active account numbers were provided to Chesterton.  If Holley cannot remember it, has no records to refresh his memory and WFA cannot produce it, then it is not discoverable.  Respectfully, it would be unfair and unjust for this Court to impose sanctions for failing to provide discovery or make a more diligent effort to produce or provide something which is not discoverable because the information is not known and the source document does not exist.

Nor is there any subterfuge in Holley's answers to Chesterton's interrogatories, Holley's deposition testimony and the representations made by Holley's counsel to the Court or to Chesterton's attorney. He and his counsel have consistently said that someone at WFA did Holley a favor. He could not remember who it was. Obviously, someone did, or the statement would not exist.[2] However many permutations there may be, and Holley's counsel objects to unrecorded and undocumented discussions between counsel to resolve discovery disputes being quoted, the basic testimony is the same: what you see is what you got and I don't have any more than that and I don't know any more than that.

WHEREFORE, for the foregoing reasons, the defendant Byron Holley opposes the plaintiff Chesterton Capital, LLC's renewed motion for sanctions and prays that its motion be denied.

                                            Respectfully submitted,

                                            The defendant Byron L. Holley,
                                            By his attorneys,

                                            _/s/ John N. Lewis_
                                            John N. Lewis
                                            BBO# 298520
                                            JOHN N. LEWIS & ASSOCIATES
                                            42 Spring St., Suite 5
                                            Watertown, MA 02472-3444
                                            (617) 393-3450
                                            jlewis4284@aol.com

---

[2] One of Chesterton's contentions is that Holley fabricated the WFA statement and there never was an account with $3million.

**CERTIFICATE OF ELECTRONIC SERVICE**

  I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 13, 2017.

              */s/ John N. Lewis*
              John N. Lewis