UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHESTERTON CAPITAL LLC,<br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>LEGACY POINT CAPITAL LLC,<br>BYRON L. HOLLEY and JOHN C.<br>LOUDON,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 1:16-CV-10848-LTS |

**EMERGENCY MOTION TO COMPEL PRODUCTION OF TOSHIBA NOTEBOOK
COMPUTER FROM DEFENDANT BYRON L. HOLLEY**

**(MEMORANDUM OF LAW INCORPORATED)**

Plaintiff Chesterton Capital LLC ("Chesterton") hereby moves on an emergency basis

that defendant Byron L. Holley ("Holley"), and his counsel, John Lewis, be directed to

immediately produce to Chesterton's counsel: (i) Holley's Toshiba laptop computer which has

not yet been provided to the expert for digital examination, (ii) all relevant text messages in

Holley's possession which were to be produced on October 21, 2017, and (iii) the phone

numbers (and service providers) associated with Holley's and with Loudon's  mobile device

accounts between the period June 30, 2012 and October 31, 2012.  In further support of this

motion, Chesterton states as follows:

1.　　　　The parties appeared for a status conference on June 20, 2017, to address, among

other things, Holley's failure to produce relevant emails and text messages during discovery.

2.　　　　At the hearing, Holley's counsel, Attorney Lewis, had possession of Holley's

Toshiba laptop computer which may, or may not, contain relevant emails.  All counsel agreed,

with the Court's approval, that Attorney Lewis would promptly deliver the laptop to Elysium

Digital (a/k/a Stroz Friedberg),[1] a computer forensic vendor, for imaging and analysis. The parties further agreed to submit a list of search terms to Elysium for purposes of identifying potentially responsive emails on the computer.

3.      Attorney Lewis also agreed to produce the text messages that had been provided to him by his client, and to provide Holley's and Loudon's phone numbers associated with his mobile accounts during the relevant time period (2012), to the extent the Court would later need to issue an Order to Verizon to produce additional, relevant text messages.

4.      On June 22, 2017, the Court issued a notice summarizing the Status Conference, which confirmed Holley's obligation to turn over his laptop for imaging and to produce all relevant text messages by the end of the afternoon on June 21, 2017. *See* Dkt. No. 111.

5.      Holley and Attorney Lewis failed to produce the text messages by the end of the afternoon on June 21, 2017, and failed to deliver the laptop to the forensic vendor.

6.      On June 23, 2017, in response to an inquiry about the status of the computer and text messages, Attorney Lewis informed Chesterton's counsel that his license to practice law in the Commonwealth of Massachusetts had been indefinitely suspended as of June 21, 2017, and that he had fourteen days to provide notice of his suspension to his clients and the courts. Attorney Lewis further advised that he would be returning the computer to Holley, as the terms of his suspension required the return of all client property.

7.      Chesterton's counsel requested that the computer be provided to Elysium rather than returned to Holley, consistent with this Court's order and instruction on June 20, 2017,  *see* Dkt. No. 111, or, if not, produced to Chesterton's counsel or the Court.  Attorney Lewis declined, stated that he had no obligation to turn over the computer to Elysium until all counsel had agreed

---

[1]      Elysium's address is 2 Oliver Street, Boston, MA, a short ten to fifteen minute walk from the Federal Court.

to the search terms to be used as part of the forensic analysis, and stated that absent a Court order, he would return the computer to his client. A true and accurate copy of the relevant emails between Attorney Lewis and Attorney Zucker are attached hereto as Exhibit A.

8.     Chesterton's counsel did provide the proposed search terms. *See* Exhibit B hereto. Chesterton's counsel represents that it will not cause a search of the Toshiba computer to be made except in accordance with the proposed search terms as may be modified by additional proposed terms from counsel. The cost of any such searches should be borne by Holley.

9.     For these reasons, there is an immediate danger that the computer will be returned to Holley, that the process of imaging and searching the device will be indefinitely delayed or jeopardized all together, and that Holley will not produce any of his text messages.

WHEREFORE, Plaintiff Chesterton Capital LLC ("Chesterton") hereby respectfully requests that its motion be allowed forthwith.

CHESTERTON CAPITAL LLC
By its attorneys,

/s/ Nicholas W. Allen
William A. Zucker, Esq., BBO # 541240
Amy B. Hackett, BBO # 676345
Nicholas W. Allen, BBO # 663409
McCarter & English LLP
265 Franklin Street
Boston, MA  02110
617-449-6500
617-607-9200 (fax)
wzucker@mccarter.com
ahackett@mccarter.com
nallen@mccarter.com

June 26, 2017

3

## LOCAL RULE 7.1 CERTIFICATE

I certify that, pursuant to Local Rule 7.1, counsel for the parties conferred via email on June 23, 2017, and made a good faith attempt to narrow the issues raised in this motion, but were unable to do so.

*/s/ Nicholas W. Allen*
Nicholas W. Allen

## CERTIFICATE OF SERVICE

I, Nicholas W. Allen, certify that on this 26th day of June, 2017, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

*/s/ Nicholas W. Allen*
Nicholas W. Allen

ME1 25105995v.1