UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHESTERTON CAPITAL, LLC )<br>    Plaintiff )<br>v. )<br>BYRON L. HOLLEY )<br>JOHN C. LOUDON and )<br>LEGACY POINT CAPITAL LLC, )<br>    Defendants )<br>v. )<br>ANNE BRENSLEY )<br>    Third Party Defendant. )<br>_____) | Civil Action No.: 1:16-cv-10848-LTS |

**ANNE BRENSLEY'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN THE ALTERNATIVE MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE SUGGESTING JOHN LOUDON DID NOT SIGN THE EXECUTED GUARANTY ON OCT 11, 2012**

Third Party Defendant, Anne Brensley ("Defendant") respectfully requests the court for judgment on Third Party Plaintiff, John Loudon's Fraud and Misrepresentation claim against the Defendant. In the alternative, Defendant requests her Motion in Limine to exclude all evidence suggesting John Loudon ("Plaintiff") did not sign the personal guaranty executed on Oct 11, 2012 be granted. This includes any emails or suggestive statements that Anne Brensley switched or modified the personal guaranty or that the Plaintiff somehow signed a separate guaranty. Any evidence relating to the contrary would confuse the issue to the jury and would create an unfair prejudice against the Defendant thus the Defendant requests this motion be granted under Fed. Rule of Evidence 403.

### Fraud/Misrepresentation

In Plaintiff's third party complaint, Count III, the Plaintiff alleged "Ms. Brensley committed fraud by switching the revised guaranty with the original guaranty causing Chesterton to bring suit on a guaranty which Mr. Loudon never signed, and which omitted terms that Mr. Loudon specifically bargained for as a condition for him to entering into a personal guaranty."

### "Original Guaranty"

On Oct 10, 2012 the Plaintiff signed what he refers to as the "Original Guaranty" (Exhibit A). This version of the personal guaranty was rejected by Chesterton Capital, a party of the personal guaranty and was never executed by Chesterton Capital.

### "Revised" Personal Guaranty

On Oct 11, 2012 a personal guaranty was executed by the Plaintiff, Byron Holley as personal guarantors and Chesterton Capital, as lender. This guaranty is referred to by the Plaintiff as the "Revised Guaranty". Below is a timeline of the "Revised Guaranty" Signing on Oct 11, 2012:

- 12:20pm: Plaintiff emails Byron Holley the Defendant the "Revised Guaranty" and states "Doc Attached." (Exhibit B)
- 12:22pm: Byron Holley sends an email to the Plaintiff and Defendant saying he will sign the document shortly, "Ok. Will do shortly." (Exhibit C)
- 2:35pm: Ginger Ford from Hilliard Lyons on behalf of Byron Holley sends the Defendant a pdf of Byron Holley's signature of the guaranty along with the fully executed "Revised

       Guaranty" (Exhibit E).

- 3:35pm: Plaintiff emails his signature of the "Revised Guaranty" which was notarized with an Oct 11, 2012 date stamp to the Defendant and Byron Holley ("Exhibit F")

On Oct 11, 2012, the "Revised Guaranty" was signed by Chesterton Capital and is the executed personal guaranty Chesterton Capital is attempting to collect on (Exhibit G).

### Judgment on Pleadings

1. **Federal pleadings show no switching of guaranties**

Under Fed. R. Civ. P. 12(c), A Defendant may ask a court to make a judgment based on pleadings. The Plaintiff is claiming the Defendant committed fraud by switching the "Revised Guaranty" and the "Original Guaranty", but as uncovered in discovery, the Plaintiff at 12:20pm, on the day of the execution of the Personal Guaranty was in fact the person who sent both Byron Holley and the Defendant the "Revised Guaranty" to be signed and executed. Within the same day the Plaintiff sent his signature of the "Revised Guaranty". In the same day the Plaintiff signed the "Revised Guaranty", Byron Holley signed the "Revised Guaranty" and Chesterton Capital signed the "Revised Guaranty." With over 2400 pages of discover, the Plaintiff has not shown any texts, emails, additional versions of guaranties, any evidence at all that the Defendant switched the guaranties.

2. **State claim shows no switching of guaranties**

Even in the Plaintiff's Third Party Complaint against the Defendant, the personal guaranty referenced was the "Revised Guaranty" executed by the Plaintiff. In the complaint the Plaintiff stated (paragraph 22), "…the Plaintiffs executed a

Personal Guaranty of Payment. See Personal Guaranty attached hereto as Exhibit 4." Exhibit 4 was a copy of the "Revised Guaranty"

## Motion in Limine

1. **Exclusion of evidence suggesting Plaintiff did not sign the executed guaranty on OCT 11, 2012**

Under Federal Rule of Evidence 403, any evidence that confuses an issue and that could mislead the jury should be excluded. Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 187-188 (2013).

Any evidence bringing into question whether the Plaintiff signed the "Revised Guaranty" would imply there is another guaranty or that the "Original Guaranty" was signed, but not the "Revised Guaranty". Both implications would be false and would only be used by the Plaintiff to confuse the jury into wondering which guaranty was signed and whether the Defendant had the Plaintiff sign a ghost guaranty.

**WHEREFORE**, Defendant respectfully moves the Court for judgment based on the pleadings on the Plaintiff's claim of fraud/misrepresentation for switching guaranties. Alternatively, Defendant respectfully requests the court exclude all evidence that suggests the Plaintiff did not sign and execute the "Revised Guaranty".

Respectfully Submitted,

Anne Brensley, Pro Se
28 Barney Hill rd
Wayland, MA 01778
Dated: Oct 18, 2017

October 18, 2017

## CERTIFICATE OF SERVICE

 I, Anne Brensley, hereby certify that on this 18th day of October, 2017, a copy of Defendant, Anne Brensley's Motion in Limine was served upon counsel of record and the parties via email as follows:

Joseph Perl, Esq. – perl@perlattorney.com

William Zucker – wzucker@mccarter.com

Byron L. Holley – bholley077@gmail.com

_____
Anne Brensley