UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHESTERTON CAPITAL LLC,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>LEGACY POINT CAPITAL LLC,<br>BYRON L. HOLLEY and JOHN C.<br>LOUDON,<br>　　　　　　Defendants. | Civil Action No. 1:16-CV-10848-LTS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN LOUDON'S AND LEGACY POINT CAPITAL, LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LAWSUIT**

Plaintiff Chesterton Capital, LLC ("Chesterton") respectfully submits its Opposition to defendant John Loudon's Motion to Exclude All Evidence of the Law Suit Involving Martin Porter from the Southern District of New York and All Facts Related Thereto (the "Motion"). *See* Dkt. No. 157. The Motion should be denied for the following reasons.

**ARGUMENT**

Chesterton has moved *in limine* to exclude evidence of damages (*see* Dkt. No. 151), arguing that the only damages Loudon and Legacy allege flow from Chesterton's alleged wrongful conduct are associated with the pending litigation, which should be excluded for various reasons. Those alleged damages are purported lost commissions and business opportunities resulting from Minnesota Life Insurance Company denying Loudon's request to be appointed as a life agent, which Loudon claims was a result of having to disclose that he had been sued by Chesterton for breach of contract. If Chesterton's motion *in limine* is allowed, Chesterton will not need to introduce evidence of the Porter lawsuit. If the motion is denied,

ME1 25954141v.1

however, evidence concerning the Porter lawsuit is directly relevant as it relates to causation and damages.

The only documentary evidence produced by Loudon to support his claim of lost business opportunities is a letter dated April 17, 2015 from Securian, through which Securian purportedly denied Loudon's application for an "appointment request." Loudon maintains that he was denied this appointment because of Chesterton's lawsuit(s). Chesterton, however, did not file the instant lawsuit for fraud until May 9, 2016, a year after the Securian Letter. The earlier filed state court lawsuit (filed in July 2014) does not involve allegations of fraud, but is a pure contract case on the guaranty. The Porter lawsuit, on the other hand, is a 2010 lawsuit involving allegations of fraud, and which Loudon was impleaded into in or around 2014 (as Loudon acknowledges in his Motion). Based on these facts, a reasonable inference could be drawn by the jury that Loudon's alleged loss of business was caused by the fraud allegations asserted against him in the Porter lawsuit, rather than a breach of contract claim filed against him by Chesterton.

Loudon bears the burden to prove his damages, which cannot be speculative. Loudon has not produced any documentary evidence during discovery to support his damages theories, beyond the Securian letter. Loudon claims that he worked 100% of the time for Legacy Capital. Yet Loudon has not produced any K-1s to show a diminution in earnings. Chesterton has the right to introduce evidence to support its defense that Loudon has not been damaged by Chesterton filing suit against Loudon on the guaranty. Evidence about the Porter lawsuit is therefore relevant under Fed. R. Evid. 402.[1] Loudon's Motion should be denied.

---

[1] To the extent the Court is concerned that the jury may conclude that the Porter lawsuit is evidence that Loudon committed fraud in this case, Chesterton would not oppose a curative

## **CONCLUSION**

For the reasons set forth herein, the Motion should be denied.

        CHESTERTON CAPITAL LLC
        By its attorneys,

        /s/ Nicholas W. Allen
        William A. Zucker, Esq., BBO # 541240
        Amy B. Hackett, BBO # 676345
        Nicholas W. Allen, BBO # 663409
        McCarter & English LLP
        265 Franklin Street
        Boston, MA  02110
        617-449-6500
        617-607-9200 (fax)
        wzucker@mccarter.com
        ahackett@mccarter.com
        nallen@mccarter.com

October 25, 2017

## **CERTIFICATE OF SERVICE**

    I, Nicholas W. Allen, certify that on this 25th day of October, 2017, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

        */s/ Nicholas W. Allen*
        Nicholas W. Allen

---

instruction that clearly identifies the purpose of the evidence concerning the Porter lawsuit, and that the jury should not use that evidence as proof that Loudon committed fraud in this case.