UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHESTERTON CAPITAL LLC, <br>     Plaintiff, <br><br> v. <br><br> LEGACY POINT CAPITAL LLC, <br> BYRON L. HOLLEY and JOHN C. <br> LOUDON, <br>     Defendants. | Civil Action No. 1:16-CV-10848-LTS |

## ORDER

This matter comes before the Court upon the application of plaintiff Chesterton Capital LLC ("Plaintiff") for a restraining order and an order compelling defendant Byron L. Holley to appear for examination, and to produce documents responsive to discovery served by Plaintiff under Fed. R. Civ. P. 69. The Court has considered Plaintiff's Motion and makes the following findings and orders:

THIS COURT FINDS THAT:

1. Plaintiff previously secured a final judgment in its favor on its fraud and Chapter 93A claims against Mr. Holley and the other defendants, based on the evidence presented at trial and Mr. Holley's failure to appear for the final trial conference, which resulted in his default. Mr. Holley also failed to appear for trial. Judgment in the amount of $7,238,565 entered against the defendants, including Mr. Holley, on January 3, 2018.

2. Plaintiff has now presented evidence to establish that it properly served Mr. Holley with post-judgment discovery requests under Fed. R. Civ. P. 69, including a Subpoena seeking the production of various documents and records, but that Mr. Holley failed to respond to those requests or to appear for a deposition. While Plaintiff agreed to postpone Mr. Holley's

ME1 27772878v.1

deposition, that agreement was contingent upon Mr. Holley's promise to produce documents and records in response to Plaintiff's Subpoena. Despite his promise, Mr. Holley failed to produce any records or documents, except for two documents described in Plaintiff's Motion.

3. The Court therefore finds that Plaintiff is entitled to an order compelling Mr. Holley to produce all other records that are responsive to Plaintiff's Subpoena, and to be examined by Plaintiff, consistent with Fed. R. Civ. P. 69 and Massachusetts law.

4. This Court also finds that Mr. Holley made various representations to Plaintiff's principal, John P. Walsh, Jr., concerning certain real or prospective assets of Mr. Holley that might partially satisfy Plaintiff's judgment.

5. Based on that evidence, a restraining order is warranted against Mr. Holley. First, Mr. Holley was defaulted prior to trial for his failure to appear at the final trial conference. Mr. Holley then failed to appear at trial. The evidence at trial then unequivocally established Mr. Holley's fraudulent conduct and the commission of an unfair and deceptive act under Chapter 93A as a managing member of Legacy Point Capital in the conduct of Legacy Point Capital's business. Finally, the evidence presented by Plaintiff with this Motion confirms that Mr. Holley has continued to engage in deceptive or unfair conduct, as shown by Mr. Holley's failure to produce responsive documents or records despite his promise to do so.

6. The Court finds that Plaintiff has established sufficient irreparable harm under the circumstances of this Motion that if a restraining order does not issue, that Mr. Holley may attempt to encumber, convey, transfer or pledge whatever assets may be available to satisfy Plaintiff's judgment.

IT IS THEREFORE ORDERED THAT:

7. Defendant Byron L. Holly, together with (a) his agents, servants, employees and attorneys and (b) other persons who are in active concert or participation with him, are restrained and enjoined from transferring, selling, encumbering, and/or pledging any funds or other assets, other than what is reasonably necessary to cover regular and ordinary personal and business expenses, until further order of this Court;

8. Defendant Byron L. Holley shall immediately pay into Court, pursuant to Fed. R. Civ. P. 67, the full amount of any commissions or finders fees paid to him in connection with the Agreements attached as Exhibits 2 and 3 to the Declaration of John P. Walsh, Jr., and that any such funds shall be held in escrow pending further Order of the Court;

9. Defendant Byron L. Holley shall produce to Plaintiff's counsel, within seven days of the date of this Order, all documents and records responsive to Plaintiff's Subpoena; and

10. Defendant Byron L. Holley shall appear for an examination in the Commonwealth of Massachusetts, on a date and at a location as noticed by Chesterton's counsel, provided that Mr. Holley is given ten days advance notice. Such examination shall concern Mr. Holley's assets, property, and ability to satisfy Plaintiff's judgment.

SO ORDERED.

    /S/ Leo T. Sorokin
United States District Court Judge

DATED: September 28 2018

ME1 27772878v.1