UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHESTERTON CAPITAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BYRON L. HOLLEY, JOHN C. LOUDON, ) <br> and LEGACY POINT CAPITAL LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 16-10848-LTS |

ORDER

July 16, 2019

SOROKIN, J.

The plaintiff, Chesterton, seeks sanctions against non-party Renata Circeo for allegedly (1) intentionally impeding or interfering with the Court's orders relating to enforcement of or collection on the final judgment in this case and/or (2) conspiring with her husband, Defendant John Loudon, to do the same.  Doc. No. 279.  Ms. Circeo is neither a party to this lawsuit nor subject, ordinarily, to this Court's personal jurisdiction.  She lives in Georgia.  She has filed three motions to quash in this Court, but each expressly disclaimed consenting to the Court's personal jurisdiction.  Thus, she did not by way of these motions consent to personal jurisdiction here.  See Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1233 (1st Cir. 1991) (finding no waiver of personal jurisdiction where the defendant raised the objection in each motion, answer, and opposition it filed with the court).

Nonetheless, Chesterton contends that the Court has inherent authority to enforce its orders and to exercise personal jurisdiction over Ms. Circeo for taking actions outside the

jurisdiction to impede or interfere with compliance with the orders issued by the Court here in Massachusetts.  Assuming without deciding that the Court has such authority in an appropriate set of circumstances, the statements Ms. Circeo made in her motions to quash—each of which is in the nature of a conclusory legal assertion—do not provide a sufficient basis to exercise such authority.

The question of whether the Court may exercise personal jurisdiction over Ms. Circeo is referred to Magistrate Judge Bowler for a report and recommendation.  Chesterton has fourteen days to supplement its motion for contempt and sanctions, Doc. No. 279, with evidence that would support the exercise of personal jurisdiction by this Court over Ms. Circeo.  Fourteen days thereafter, without waiving any objection to the Court exercising personal jurisdiction over her, Ms. Circeo may respond with evidence, argument or both.  In the course of preparing the report and recommendation, Judge Bowler may adjust the briefing dates established in this Order, direct further submissions, conduct an evidentiary proceeding, or take any other action necessary to resolve the referral.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge