UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHESTERTON CAPITAL LLC,
    Plaintiff,

    v.                                          CIVIL ACTION NO.
                                                16-10848-LTS

LEGACY POINT CAPITAL LLC,
BYRON L. HOLLEY, and JOHN C.
LOUDON,
    Defendants.

                   **REPORT AND RECOMMENDATION RE:**
          **PERSONAL JURISDICTION OVER NONPARTY RENATA CIRCEO**
                         **(DOCKET ENTRY # 298)**

                          **January 31, 2020**

**BOWLER, U.S.M.J.**

    In connection with a pending motion for civil contempt and sanctions (Docket Entry # 279) filed by plaintiff Chesterton Capital LLC ("plaintiff") against defendant John C. Loudon ("Loudon") and nonparty Renata Circeo ("Circeo"), Loudon's wife, the court referred the "question of whether the Court may exercise personal jurisdiction over Ms. Circeo" to this court. (Docket Entry # 298).  The referral Order allowed this court to "adjust the briefing dates established in this Order, direct further submissions, conduct an evidentiary proceeding, or take any other action necessary to resolve the referral." (Docket Entry # 298).  In accordance with this authority, this court allowed plaintiff to take jurisdictional discovery and required status reports.  The jurisdictional discovery included

interrogatories to Circeo and a December 17, 2019 deposition of Circeo. After providing plaintiff this extensive discovery, this court held a further status conference on January 6, 2020 and took the above-noted question under advisement.

BACKGROUND

On January 3, 2018, a final judgment entered in favor of plaintiff against Loudon and two other defendants jointly and severally in the amount of $7,238,565 and, as to attorney's fees and costs, in the amount of $480,984.60. (Docket Entry # 221). The judgment provides that "[t]he Court's prior orders enjoining and restraining . . . . John C. Loudon shall remain in full force and effect so as to protect [plaintiff's] rights as a judgment creditor." (Docket Entry # 221, ¶ 6).

In an effort to collect the judgment, plaintiff served a subpoena duces tecum on SunTrust Bank ("SunTrust"), located in Georgia, seeking bank records for a number of accounts, including accounts in the names of Loudon, Circeo, Circeo Investment Properties, LLC ("CIP"), and Shoredreams Vacation Rentals, LLC ("Shoredreams").[1] (Docket Entry # 254-6, pp. 8-13). In

---

[1] The SunTrust subpoena issued by the United States District Court for the District of Massachusetts conforms to the 2013 amendments to Fed. R. Civ. P. 45 ("Rule 45"). The amendments "require[] that subpoenas be issued 'from the court where the action is pending,'" U.S. Dep't. of the Treas. v. Pension Benefit Guar. Corp., 301 F.R.D. 20, 26 n.4 (D.D.C. 2014) (quoting Rule 45(a)(2)), and authorize service "at any place within the United States." Fed. R. Civ. P. 45(b)(2). The subpoena's designated place for compliance in Atlanta, Georgia

2

response, Loudon filed a three-page motion to quash the August 23, 2018 subpoena on September 17, 2018.[2] (Docket Entry # 250). The motion and attached affidavit objected to the subpoena partly because it sought purportedly irrelevant and confidential bank records of Circeo, CIP, and Shoredreams. (Docket Entry # 250). On October 18, 2018, the court denied the motion and explained

---

(Docket Entry # 254-6, p. 8) is presumably within the requisite "100 miles of where" SunTrust "regularly transacts business" under Rule 45(c)(2)(A). See Woo v. Spackman, No. 1:18-MC-91545-ADB, 2019 WL 6715134, at *1 (D. Mass. Dec. 10, 2019).

[2] Rule 45(d)(3) requires the movant to file a motion to quash a subpoena served on a nonparty, i.e., SunTrust, in "the court for the district where compliance is required," Fed. R. Civ. P. 45(d)(3), in this instance, the United States District Court for the Northern District of Georgia. See Cargill Meat Solutions Corp. v. Premium Beef Feeders, LLC, No. 13-CV-1168-EFM-TJJ, 2015 WL 3935726, *1 (D. Kan. June 26, 2015) (after 2013 amendments, "subpoenas must be *issued* from the court where the action is pending but the authority to *quash* or modify the subpoena remains with 'the court for the district where compliance is required'") (internal citations omitted); 9A Charles Alan Wright et al., Federal Practice and Procedure § 2463.1 (3d ed. 2019 update) ("motions to quash or enforce a subpoena, in all but the rarest cases, . . . *must* be made in the district where compliance with the subpoena is required and not where the underlying action is pending") (emphasis added); see also Fed. R. Civ. P. 45(f) (if compliance court "did not issue the subpoena, it may transfer" motion to quash "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances"). The compliance court, or the issuing court "*after* a motion is transferred, . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g) (emphasis added); see Wultz v. Bank of China, Ltd., 304 F.R.D. 38, 42-44 (D.D.C. 2014) (explaining changes wrought by 2013 amendments to Rule 45 in context of jurisdiction over nonparties); accord United States v. Preston, No. CV 13-00265 (RC), 2015 WL 13708609, at *3 (D.D.C. Aug. 24, 2015).

3

that "[t]he material sought is not privileged or otherwise protected and the scope of discovery is reasonably within the topics or subject matters available to Chesterton as a judgment creditor." (Docket Entry # 256). The court also allowed a cross-motion filed by plaintiff seeking to compel Loudon's deposition and compliance with discovery requests. (Docket Entry # 256).

On December 3, 2018, Circeo filed a two-page motion to quash the same August 23, 2018 subpoena. (Docket Entry # 257). Similar to her husband's motion to quash, Circeo's motion and attached affidavit objected to the SunTrust subpoena because it sought her purportedly irrelevant and confidential bank records as well as those of CIP and Shoredreams. (Docket Entry # 257). The motion certified that Loudon filed "a similar motion" and objected to the court's personal jurisdiction over Circeo, a nonparty and Georgia resident. (Docket Entry # 257). At her deposition, Circeo acknowledged she knew about Loudon's motion and looked at it before filing her motion to quash. (Docket Entry # 325-1, pp. 6, 8, 12).[3] Her answer to an interrogatory further specifies that Loudon told her "about the subject subpoena on September 7, 2018."[4] (Docket Entry # 325-3, p. 2).

---

[3] Page numbers refer to the page number in the upper, right-hand corner of the docketed filing.

[4] See footnote nine.

On December 4, 2018, the court denied the motion to quash regarding "the LLC entities," i.e., CIP and Shoredreams, because "entities may appear in Court only by counsel" and ordered plaintiff to respond to the motion as it pertains to Circeo. (Docket Entry # 258).  Plaintiff filed an opposition raising a number of arguments, including that courts allow judgment creditors to seek discovery of a spouse's assets.  (Docket Entry # 259).  Shortly thereafter, the court denied the motion as it pertained to Circeo for reasons stated in the October 18, 2018 Order and plaintiff's opposition.  (Docket Entry # 260).  The court also ordered SunTrust to comply with the subpoena "forthwith."  (Docket Entry # 260).  At her deposition, Circeo testified that she knew the court denied the motion because Loudon informed her of the denial (Docket Entry # 325-1, p. 22) and her answer to an interrogatory states that she knew about the denial (Docket Entry # 325-3, p. 3).[5]

On April 4, 2019, knowing that the court denied her first motion to quash (Docket Entry # 325-1, p. 25), Circeo filed a second motion to quash the same August 23, 2018 SunTrust subpoena again because it sought her allegedly irrelevant and confidential bank records as well as those of CIP and Shoredreams.  (Docket Entry # 261).  The court denied the motion the following day. (Docket Entry # 262).  Ten days later, Circeo filed a motion to

---

[5]  See footnote nine.

quash a March 20, 2019 subpoena duces tecum that plaintiff served on SunTrust seeking Loudon's and Circeo Properties, LLC's bank records.  (Docket Entry # 263) (Docket Entry # 280-1, pp. 23-27). The court summarily denied Circeo's third motion to quash on April 16, 2019.  (Docket Entry # 264).  Circeo's second and third motions included affidavits objecting to the court's personal jurisdiction over Circeo and certifications by Circeo that Loudon filed the similar motion to quash in September 2018.  (Docket Entry ## 261, 263).

A few days later on April 19, 2019, Loudon filed a motion to quash a subpoena duces tecum plaintiff served on TD Ameritrade seeking, inter alia, Circeo's bank records.  (Docket Entry # 267) (Docket Entry # 280-1, pp. 38-42).  The court denied the motion to quash on April 30, 2019.  (Docket Entry # 271).

On May 24, 2019, plaintiff filed the above-noted motion for contempt and sanctions against Loudon and Circeo.  (Docket Entry # 279).  As summarized in the referral Order, the motion seeks sanctions against "Circeo for allegedly (1) intentionally impeding or interfering with the Court's orders relating to enforcement of or collection on the final judgment in this case and/or (2) conspiring with her husband, . . . Loudon, to do the same."  (Docket Entry # 298).  As to personal jurisdiction, the motion asserts that Circeo's three motions to quash the subpoenas duces tecum (Docket Entry ## 257, 261, 263) "subjected her to the

Court's jurisdiction for purposes of a sanctions order." (Docket Entry # 279, p. 13) (citing Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 75 (1st Cir. 2002)). Each of the three motions to quash includes an affidavit by Circeo stating she is a Georgia resident and objects to jurisdiction. (Docket Entry ## 257-1, 261-1, 263-1).

Circeo opposed the motion for contempt and sanctions (Docket Entry # 285) and the court held a hearing on the motion on July 10, 2019. During the hearing, the court raised and addressed the issue of its jurisdiction over Circeo. (Docket Entry # 311, pp. 7-8, 17-20). In response, plaintiff explained that Circeo made misrepresentations in the motions to quash and filed those motions here in Massachusetts to delay or prevent disclosure of documents sought in the subpoenas (Docket Entry # 254-6, pp. 8-13) (Docket Entry # 280-1, pp. 23-27) to SunTrust thereby impeding the execution of orders by the court. (Docket Entry # 311, pp. 9-13, 24-25).

On July 16, 2019, the court issued the referral Order. (Docket Entry # 298). After stating that Circeo "did not by way of these motions consent to personal jurisdiction here," the Order reads, in pertinent part, as follows:

> Nonetheless, [plaintiff] contends that the Court has inherent authority to enforce its orders and to exercise personal jurisdiction over Ms. Circeo for taking actions outside the jurisdiction to impede or interfere with compliance with the orders issued by the Court here in Massachusetts. Assuming without deciding that the Court has

7

> such authority in an appropriate set of circumstances, the statements Ms. Circeo made in her motions to quash—each of which is in the nature of a conclusory legal assertion—do not provide a sufficient basis to exercise such authority.

(Docket Entry # 298).  The court then referred the question of personal jurisdiction over Circeo to this court and gave plaintiff 14 days to supplement the motion for contempt and sanctions "with evidence that would support the exercise of personal jurisdiction by this Court over Ms. Circeo."  (Docket Entry # 298).

On July 30, 2019, plaintiff filed the supplemental brief.  (Docket Entry # 306).  The filing does not include evidence of Circeo's purposeful activities in Massachusetts.  Rather, it repeats the argument plaintiff made at the July 2019 hearing based on Murphy v. Erwin-Wasey, Inc., 460 F.2d 661, 662 (1st Cir. 1972), namely, that making a misrepresentation outside Massachusetts in a motion filed in a court in Massachusetts to impede compliance with a court order provides a basis to exercise jurisdiction over the nonparty (Docket Entry # 311, pp. 8-9) (referencing Erwin-Wasey).[6]  (Docket Entry # 306, pp. 5-7).  In the supplemental brief, plaintiff further asserts that "the Court's inherent power to enforce its orders" encompasses "the

---

[6] The circumstances in Erwin-Wasey did not involve a misrepresentation in a court filing.  See id. at 663 ("Erwin-Wasey caused a check to be delivered to him in Massachusetts which, he claims, by implication fraudulently misrepresented the amount due").

power to issue sanctions against a non-party who aids and abets in a violation of an injunction order, *regardless of jurisdiction*." (Docket Entry # 306, p. 3) (emphasis added). Plaintiff maintains the court has the power "'to issue civil contempt sanctions'" against "non-parties who violate a court order."[7] (Docket Entry # 306, pp. 2-3) (quoting Goya Foods, 290 F.3d at 78).

A few days later, plaintiff filed the motion seeking leave to take jurisdictional discovery. (Docket Entry # 307). The motion included proposed interrogatories aimed at ascertaining Circeo's business contacts, such as targeted advertising, in Massachusetts[8] and her efforts to impede enforcement of "a subpoena *duces tecum* on SunTrust" for her bank records. (Docket Entry # 307-1). At a September 30, 2019 hearing on the motion, plaintiff agreed to withdraw or "table" the interrogatories seeking information regarding Circeo's Massachusetts contacts (interrogatories one through six) and Circeo agreed to answer the interrogatories seeking information regarding the SunTrust

---

[7] The order plaintiff identifies is the October 18, 2018 Order (Docket Entry # 279, p. 12) (Docket Entry # 306, p. 2, n.1) (Docket Entry # 311, pp. 24-25) as directly applied to Circeo in the December 6, 2018 Order (Docket Entry # 260) denying her first motion to quash. (Docket Entry # 292, p. 5).

[8] Plaintiff's July 30, 2019 supplemental brief alleges that "Circeo owns and operates a vacation rental business and it is likely that her business enters [into] contracts on a regular basis with Massachusetts residents." (Docket Entry # 306, p. 5, n.3).

subpoena (interrogatories seven through 11).[9]

At a further status conference on November 14, 2019, this court ordered that Circeo's deposition take place prior to the end of the year.[10]  Circeo's testimony at the December 17, 2019 deposition does not explore or address whether she has customers in Massachusetts, advertises vacation properties to Massachusetts residents, or otherwise engages in business activities in Massachusetts.  (Docket Entry # 325-1).

---

[9] Circeo reserved objections to jurisdiction, including the use of her answers to support such jurisdiction.

[10] A court has "the inherent and legitimate authority . . . to issue . . . orders of discovery directed to nonparty witnesses, as necessary for the court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter." U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79 (1988); accord Sys. Techs. Res. Inc. v. United Vision Sols., LLC, Civil Action No. 16-30138-MGM, 2018 WL 3853717, at *1-3 (D. Mass. June 18, 2018).  The doctrine of enforcement jurisdiction also provides the court post-judgment subject matter jurisdiction to enforce the judgment.  See U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 496 (1st Cir. 2000) (discussing at length enforcement jurisdiction of court).  As to discovery, Fed. R. Civ. P. 69(a) allows plaintiff, as a judgment creditor, "to reach assets of the judgment debtor in the hands of third parties" as provided under "the procedure of the state where the court is located," i.e., Massachusetts.  Id. ("Where the state procedural enforcement mechanisms incorporated by Rule 69(a) allow the court to reach assets of the judgment debtor in the hands of third parties in a continuation of the same action, . . ., federal enforcement jurisdiction is clear."); see also Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138-39 (2014) ("rules governing discovery in postjudgment execution proceedings are quite permissive"); ITOCHU Int'l, Inc. v. Devon Robotics, LLC, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (discussing post-judgment discovery as to nonparty).  One of the sanctions plaintiff seeks is a list of asserts owned by Loudon and Circeo on three different dates.  (Docket Entry # 279, p. 14).

DISCUSSION

The sole issue before this court is the "question of whether the Court may exercise personal jurisdiction over Ms. Circeo." (Docket Entry # 298).  The court also directed plaintiff to provide "evidence" to support the exercise of personal jurisdiction over Circeo.  (Docket Entry # 298, p. 2). Accordingly, this court addresses whether the court may exercise personal jurisdiction over Circeo under a traditional International Shoe Co. v. Washington, 326 U.S. 310 (1945), analysis.

As noted, however, plaintiff continues to maintain that the court has the inherent power to issue sanctions against a nonparty who knowingly aids and abets a party's violation of an injunction and, by extension, the October 18, 2018 Order, "regardless of [personal] jurisdiction" over the nonparty. (Docket Entry # 306, pp. 2-4).  Because the referral Order is limited to "[t]he question of whether the Court may exercise personal jurisdiction over" Circeo, it does not encompass the issue of whether the court has the power to impose sanctions against Circeo regardless of personal jurisdiction.  (Docket Entry # 298).  Although this court expresses no opinion on the issue, it is worth noting that a number of circuit courts conclude that the court's inherent power to enforce an injunctive decree allows the court to hold a domestic nonparty in contempt

11

when the nonparty, who lacks contacts with the forum, aids and abets a party's violation of an injunction with actual notice of the decree.[11]  See Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958, 971 (11th Cir. 2012) ("[C]ourts that have considered the issue generally agree that this sanction power extends to a person outside the territorial limits of the court that issued the injunctive order, provided that the person had actual notice of the order and acted in concert with the party explicitly enjoined."); Waffenschmidt v. MacKay, 763 F.2d 711, 717-721 (5th Cir. 1985); ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1215-16 (10th Cir. 2011); Sec. and Exch. Comm'n v. Homa, 514 F.3d 661, 673 (7th Cir. 2008);[12] 11A Charles Alan Wright et al.,

---

[11]     Federal Rule of Civil Procedure 65(d) ("Rule 65") provides "that an order granting an *injunction* 'is binding only upon *the parties* to the action, their officers, agents, servants, employees, and attorneys, *and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise*.'"  G. & C. Merriam Co. v. Webster Dictionary Co., 639 F.2d 29, 36 (1st Cir. 1980) (emphasis added) (citing Rule 65(d)).

[12]     The Seventh Circuit in Homa and the Tenth Circuit in ClearOne uniformly conclude that the nonparty's absence of contacts with the forum does not offend due process in such circumstances:

> Nonparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order. This is so despite the absence of other contacts with the forum. Jurisdiction over persons who knowingly violate a court's injunctive order, even those without any other contact with the forum, is necessary to the proper enforcement and supervision of a court's injunctive

Federal Practice and Procedure § 2956 (3d ed. Aug. 2019 update) (court ordinarily lacks power to issue order against nonparty absent "in personam jurisdiction" and "only significant exception to this rule involves nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant"); see also Aviv v. Brainard, No. 18-CV-5088 (PKC), 2018 WL 4927912, at *1 (S.D.N.Y. Oct. 11, 2018) (collecting authority); see generally Lumber Liquidators, Inc. v. Sullivan, Civil Action No. 10-11890-NMG, 2011 WL 5884252, at *4 (D. Mass. Sept. 27, 2011) (noting that court "cannot enjoin a nonparty; rather, a court can hold a nonparty in contempt if the nonparty knowingly aids a party in violating an injunction"). The First Circuit in Merriam, which did not address contacts with the forum, similarly explains that a nonparty with actual knowledge of an injunction "can be found to be in contempt only if in active concert or participation with a party in postinjunction activity." Merriam, 639 F.2d at 35; see Microsystems Software, Inc. v. Scandinavia Online AB, 226 F.3d 35, 42 (1st Cir. 2000) (explaining that nonparty's conduct "in active concert or participation with the named defendant" renders named defendant agent of nonparty "and the nonparty's right to

---

authority and offends no precept of due process. Homa, 514 F.3d at 674-75 (internal citation and quotation marks omitted); ClearOne, 651 F.3d at 1214-15 (quoting Homa, 514 F.3d at 674-675).

due process will have been satisfied vicariously") (rejecting due process challenge to a denial of nonparties' standing to appeal); see also Sys. Techs. Res. Inc. v. United Vision Sols., LLC, 2018 WL 3853717, at *2 (Due process "'require[s] that any civil contemnor be given certain basic procedural protections before being subject to any sanction: adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner.'") (internal citation omitted); see generally Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 112 (1969) (stating "consistent constitutional rule" that "court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant" while also recognizing that "nonparty with notice cannot be held in contempt *until* shown to be in concert or participation") (emphasis added); Waffenschmidt, 763 F.2d at 718 (discussing Zenith, 395 U.S. at 110, 112).  Whereas plaintiff acknowledges that an injunction is not involved (Docket Entry # 306, p. 3), it argues that a nonparty may be held in civil contempt for knowingly aiding and abetting a party in violating an attachment order.  (Docket Entry # 306, p. 3) (citing Gemco Latinoamerica, Inc. v. Seiko Time Corp., 61 F.3d 94, 99 (1st Cir. 1995)).  Here again, this court expresses no opinion on the argument because it is not within scope of the referral Order.

Turning to the requisite traditional analysis, "in order to

establish personal jurisdiction over" Circeo, plaintiff "must meet the requirements of both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment." Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015). To satisfy the Constitution, "a defendant must have 'certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" Knox v. MetalForming, Inc., 914 F.3d 685, 690 (1st Cir. 2019) (quoting International Shoe, 326 U.S. at 316) (internal brackets omitted). It is the plaintiff's burden "to proffer evidence 'sufficient to support findings of all facts essential to personal jurisdiction' without relying on unsupported allegations." Id. (internal citation omitted). The constitutional analysis entails a three-part inquiry: "relatedness, purposeful availment, and reasonableness." Id.

With respect to purposeful availment, plaintiff has the burden to show that Circeo purposefully availed herself "'of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 691 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Voluntary and foreseeable contacts with the forum are "[t]he main ingredients." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 36 (1st Cir. 2016). As to foreseeability, a "'"regular flow or regular course of sale" in the forum' could

make the exercise of jurisdiction foreseeable to" Circeo.  Knox, 914 F.3d at 691 (internal citation and brackets omitted).  Alternatively, "'something more' than this, evidencing an intent to serve the forum," such as "advertising in the forum State," may satisfy foreseeability.  Id. at 692 (quoting Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty., 480 U.S. 102, 112 (1987)).  In contrast, simply making "a website accessible in the forum" is insufficient.  Plixer Int'l, Inc. v. Scrutinizer GmbH, 905 F.3d 1, 7 (1st Cir. 2018).

    Although plaintiff alleges that Circeo conducts a vacation rental business that likely enters into contracts with Massachusetts residents (Docket Entry # 306, p. 5, n.3), plaintiff provides no *evidence* of such activity.  Plaintiff also fails to provide evidence of Circeo's voluntary contacts with the Massachusetts forum beyond filing the motions to quash.  Tax returns (Docket Entry ## 254-7, 254-8) that plaintiff asserts show a joint ownership in a company that owns vacation rental properties (Docket Entry # 259, p. 2) do not provide sufficient, if any, evidence of contacts with the Massachusetts forum.  Given the dearth of evidence to satisfy the purposeful availment requirement, personal jurisdiction over Circeo in the traditional sense is lacking.

    Plaintiff also submits the court has jurisdiction over Circeo because she could have filed the motions to quash in "the

District Courts of Georgia" but did not, thereby waiving her personal jurisdiction defense. (Docket Entry # 292, pp. 2-3). The court, however, rejected the jurisdictional premise that, by filing the motions to quash in Massachusetts, Circeo consented to personal jurisdiction here. (Docket Entry # 298, p. 1). Accordingly, the entirely correct ruling[13] is not within the scope of the referral Order to this court.

## CONCLUSION

In sum, this court **RECOMMENDS**[14] that the court does not have personal jurisdiction over Circeo because plaintiff fails to proffer evidence sufficient to support a finding of purposeful availment.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[13] See Zenith, 395 U.S. at 112, n.6 (Record did not support contention "that when Hazeltine appeared to contest jurisdiction it was found by the District Court to be 'in active concert or participation' with HRI and that, by entering its special appearance, Hazeltine consented to be bound by such a finding.").

[14] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection should be included. See Fed. R. Civ. P. 72(b); Rule 3, Rules for U.S. Magistrate Judges in U.S. District Court for the District of Massachusetts. The written objections must specifically identify the portion of the Report and Recommendation to which objection is made. Any party may respond to another party's objections within 14 days after being served with a copy of the objections. Failure to file objections within the specified time waives the right to appeal the order.