UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )
CHESTERTON CAPITAL LLC, | )
 | )
Plaintiff, | )
 | )
v. | ) Civil No. 16-10848-LTS
 | )
LEGACY POINT CAPITAL LLC, | )
BYRON L. HOLLEY and JOHN C. | )
LOUDON | )
 | )
Defendants. | )
 | )

ORDER

February 19, 2020

SOROKIN, J.

Pending before the Court is Plaintiff Chesterton Capital LLC's ("Chesterton") Objection to the Report and Recommendation Re: Personal Jurisdiction Over Nonparty Renata Cicero issued by Magistrate Judge Marianne Bowler, Doc. No. 328. Chesterton does not object to the Report and Recommendation's principal conclusion that this Court does not have general personal jurisdiction over nonparty Renata Cicero. Doc. No. 329 at 1-2. Rather, Chesterton argues that this Court has specific personal jurisdiction over Cicero, id. at 4-8, and that "the Court has the inherent power to police its own dockets and to exercise jurisdiction over nonparties in doing so," id. at 10 n.4.

Before the Court addresses these arguments, Chesterton shall, by no later than **February 26, 2020**, file a supplemental status report clarifying: (1) the status of its motion for contempt and sanctions as to Defendant Loudon, Doc. No. 279; (2) whether the relief it currently seeks against Cicero differs in any respect from the requests detailed in its motion for contempt and

sanctions, id. at 14 ¶¶ 1-4; and (3) whether it is pressing the theory that there is an agency relationship between Cicero and Loudon or that Cicero acted in "active concert or participation" with Loudon, G. & C. Merriam Co. v. Webster Dictionary Co., 639 F.2d 29, 35 (1st Cir. 1980). If pressed, any factual evidence cited in support of these theories shall be supported by "[a]ffidavits and other documents setting forth or evidencing [those] facts[.]" Local Rule 7.1.

By no later than **March 11, 2020**, Cicero shall respond to Chesterton's filing, addressing any theories raised by Chesterton as to the relationship between Cicero and Loudon, as well as Chesterton's argument that the Court has specific personal jurisdiction or inherent authority to adjudicate sanctions arising from Cicero's motions to quash. If Defendants Loudon and Holly wish to respond to Chesterton's filing, they must do so by no later than **March 11, 2020**.

Finally, the Court ADOPTS the Recommendation and Report to the extent that that it concludes that the Court does not have general personal jurisdiction over Cicero.

                                          SO ORDERED.

                                          /s/ Leo T. Sorokin
                                          Leo T. Sorokin
                                          United States District Judge